IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY HOLSTON, | : CIVIL ACTION NO. 1:22-CV-2002 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| SAMUEL ANYANWU, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

This is a prisoner civil rights case. Plaintiff, Gregory Holston, alleges that defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by refusing to accommodate his request to observe Ramadan. Defendants have moved to dismiss the claims against defendants Kathy Brittain and Shawn Kephart for failure to allege personal involvement. The motion will be granted.

**I.  Factual Background & Procedural History**

Holston has been incarcerated in Frackville State Correctional Institution ("SCI-Frackville") at all relevant times. He filed his original complaint on December 11, 2022 and an amended complaint on February 10, 2023. (Docs. 1, 9). According to the amended complaint, Holston converted to Islam on February 17, 2022 and filed a request on March 2, 2022 to participate in Ramadan.[1] (Doc. 9 ¶¶ 8-

---

[1] Ramadan is a month of fasting observed in the Islamic faith that requires Muslims to fast from sunrise to sunset. *Ramadan*, WIKIPEDIA, https://en.wikipedia.org/wiki/Ramadan (last visited July 17, 2023).

9). On March 5, 2022, defendant Samuel Anyanwu denied the request, stating, "Ramadan sign up closed on 2/17/2022; and only inmates who have practiced for at least 6 months should be accommodated." (Id. ¶ 10). Holston was subsequently informed that another inmate was allowed to participate in Ramadan despite not submitting his request to participate until eleven days after Holston submitted his request. (Id. ¶ 11).

On April 3, 2022, Holston filed inmate request to staff slips directed to defendants Brittain and Kephart requesting religious accommodation for Ramadan. (Id. ¶ 12). Neither defendant responded to the request. (Id. ¶ 13). Holston filed an administrative grievance complaining about the lack of religious accommodation on April 15, 2022. (Id.) The grievance was denied, and he appealed to Brittain. (Id. ¶¶ 14-16). Brittain upheld the denial of the grievance on April 26, 2022. (Id. ¶ 17). Holston's subsequent appeal to the DOC's central office was also denied. (Id. ¶ 19).

The complaint asserts claims for violation of the First Amendment, RLUIPA, and the Pennsylvania Constitution against Anyanwu, Brittain, and Kephart. (Id. ¶¶ 27-31). Holston seeks damages, declaratory relief, and injunctive relief. (Id. ¶ 32).

Defendants filed the instant motion to dismiss on February 24, 2023 and a supporting brief on March 10, 2023. (Docs. 10-11). Defendants seek dismissal of Holston's claims against Brittain and Kephart for failure to allege personal involvement. (Doc. 11). Defendants do not seek dismissal of Holston's claims against Anyanwu. (Id. at 1 n.1). Briefing on the motion to dismiss is complete and it is ripe for review. (Docs. 11-13).

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal

3

conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III.  Discussion

Holston brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id. A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

We agree with defendants that the claims against Brittain and Kephart fail to allege personal involvement. The only allegations against Brittain and Kephart are that they failed to respond to Holston's inmate request to staff slips after Anyanwu denied his initial request for religious accommodation. Defendants' failure to respond to inmate request to staff slips are not sufficient to establish the defendants' personal involvement in an underlying civil rights violation. See, e.g., Storm v. McGinley, No. 1:19-CV-602, 2021 WL 3869943, at *4 (M.D. Pa. Aug. 27, 2021) (Conner, J.) ("Storm sues these individuals based on their roles on the PRC and their responses to Inmate Requests to Staff slips. Their alleged improper after-the-fact responses to Storm's request slips concerning the matter do not constitute their personal involvement."). Defendants' supervisory roles and Brittain's denial of Holston's grievance are also not sufficient to allege their personal involvement. See

Rode, 845 F.2d at 1207; Dooley, 957 F.3d at 374.  These claims will accordingly be dismissed for failure to allege personal involvement.

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We will grant leave to amend because the dismissed claims are factually, rather than legally, deficient.

**IV.**    **Conclusion**

We will grant defendants' motion to dismiss, dismiss the claims against defendants Brittain and Kephart without prejudice, and grant plaintiff leave to file a second amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    July 17, 2023